UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CHEYENNE GALVAN and EDWARD GALVAN, | § § § | |
| *Plaintiffs*, | § | EP-24-CV-00256-KC |
| v. | § § | |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and ENRIQUE ARROYO NIETO, | § § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiffs Cheyenne Galvan and Edward Galvan's "Motion to Compel Defendant Swift Transportation Co. of Arizona, LLC to Produce Witness Ellen Morrison for Deposition" (ECF No. 50). The Honorable District Judge Kathleen Cardone (the referring court) referred the motion to the undersigned Magistrate Judge. For the reasons that follow, the motion is DENIED WITH ALTERNATIVE RELIEF GRANTED.

### I. BACKGROUND[1]

This personal injury case originated in Texas state court in June 2024, and subsequently, it was removed to federal court. The case arises from a motor vehicle collision that occurred on May 18, 2023, between Plaintiffs' SUV and an 18-wheeler. Defendant Enrique Nieto was the driver of the 18-wheeler. At the time of the collision, Nieto was an employee of Defendant Swift

---

[1] The facts recited in this background section are derived from the parties' pleadings and submissions on the record and are presumed to be undisputed.

Transportation Co. of Arizona, LLC (Swift), and the 18-wheeler was owned by Swift. Several days or weeks later, Nieto's employment at Swift ended.[2]

On March 21, 2025, Nieto failed to appear for his deposition that Plaintiffs had previously noticed and scheduled.[3] On April 3, Swift served its Objections and Responses to Plaintiffs' First Set of Interrogatories, but Swift's responses were not verified and signed by a Swift corporate representative.[4] On May 21, Plaintiffs, pursuant to Federal Rule of Civil Procedure 30(b)(6), deposed Swift's corporate representative William Peyton; Peyton is the Senior Safety Director for Swift's line-haul division, and Nieto worked in that division.[5] On May 30, 2025, Swift served its Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories; Ellen Morrison, who is an Executive Litigation Manager at Swift, signed the supplemental responses under oath.[6]

On June 24, 2025, Plaintiffs filed the instant motion. *See* Pls.' Mot. to Compel Swift to Produc. Witness Ellen Morrison for Dep. [hereinafter Pls.' MTC], ECF No. 50. On July 1, 2025, Swift filed a response to the motion, *see* Def.'s Resp. to Pls.' MTC [hereinafter Def.'s Resp.], ECF No. 52, and Plaintiffs followed by filing a reply in support of their motion on July 2, 2025.

---

[2] *See* Pls.' Reply in Supp. of Their Opposed Motion to Compel Def. to Produc. Witness Ellen Morrison for Dep. at 6 [hereinafter Pls.' Reply], ECF No. 53; Pls.' Ex. L at 27–31 (transcripts of Peyton's deposition), ECF No. 50-12. All pin citations to the parties' exhibits refer to the page numbers imprinted thereon by the Court's Case Management and Electronic Case Filing system.

[3] Pls.' Ex. H at 2, ECF No. 50-8; *see also id.* (Swift's counsel stating that Nieto had not contacted counsel or communicated with counsel).

[4] Pls.' Ex. A, ECF No. 50-1.

[5] Pls.' Ex. L at 10–11, 27.

[6] Pls.' Ex. E at 10, ECF No. 50-5.

## II. DISCUSSION

Before addressing the merits of Plaintiffs' motion, the Court addresses two preliminary matters. First, the discovery deadline was June 13, 2025, but Plaintiffs filed the motion on June 24, 2025. The Local Rules provide: "Absent exceptional circumstances, no motions relating to discovery . . . shall be filed after the expiration of the discovery deadline," unless (1) "they are filed within 14 days after the discovery deadline" and (2) they "pertain to conduct occurring during the final 7 days of discovery." W.D. Tex. Local R. CV-16(e). Plaintiffs filed the motion eleven days after the discovery deadline, and the events leading up to Plaintiffs' filing of the motion occurred during the final 7 days of discovery. Plaintiffs first learned of Morrison on May 30, 2025, when Swift served its supplemental responses to Plaintiffs' First Set of Interrogatories, which she signed under oath; at the time, the discovery deadline was about two weeks away. Then, between June 2 and 11, 2025, Plaintiffs' counsel thrice emailed Swift's counsel requesting to take Morrison's deposition, but Swift's counsel did not respond until June 16, 2025; Swift opposed the deposition. Pls.' Ex. C at 23–25, ECF No. 50-3.[7] Plaintiffs' motion is timely.

Second, the record does not reflect that Plaintiffs served a notice or issued a subpoena for the requested deposition. *See* 8A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2103 [hereinafter Wright & Miller] (3d ed.) (Where a party seeks deposition of an employee of a corporate party, but the employee has not been designated by the corporation under Rule 30(b)(6), "her presence [at deposition] must be obtained by subpoena rather than by notice"; however, if the employee is an "officer, director, or managing agent" of the corporate

---

[7] *See also* Pls.' Ex. C at 23 ("I have now received a response from Swift on your request for witness depositions. . . . Swift objects to your request for Ellen Morrison's deposition as duplicative of the 30b6 witness, and she does not possess further discoverable information, and your request is not proportional to the case needs." (statement by Swift's counsel in his June 16 email)).

party, "a subpoena for [her] attendance is unnecessary").[8] Plaintiffs posit that "[w]hen a party that has not noticed a deposition yet and files a motion to compel that deposition, the court can 'treat Defendant's response as a request for a Rule 26(c)(1) protective order, and address the merits of the dispute as to whether Defendant should be ordered to produce [a witness] for a deposition.'" Pls.' MTC at 4 (quoting *Sanchez v. Swift Transp. Co. of Ariz., L.L.C.*, 2016 WL 10589438 at *2 (W.D. Tex. Apr. 22, 2016)). Packed in that proposition is the premise that in Plaintiffs' view, Morrison is an officer, director, or managing agent of Swift and in turn, she is subject to deposition by notice. Swift has not addressed Plaintiffs' proposition, nor has it opposed Plaintiffs' motion for lack of notice (or subpoena). The Court will therefore treat Swift's opposition to Plaintiffs' motion as a request for protective order under Federal Rule of Civil Procedure 26(c).

Under Rule 26(c), a party or any person from whom discovery is sought may move for a protective order. Fed. R. Civ. P. 26(c). The court "may, for good cause, issue an order to protect [the] party or person from . . . undue burden or expense," by, *inter alia*, "forbidding the . . . discovery" and "forbidding inquiry into certain matters, or limiting the scope of . . . discovery to certain matters." *Id*. 26(c)(1)(A), (D). Moreover, the court may limit "the frequency or extent of discovery" if it determines that the discovery sought is "unreasonably cumulative or duplicative"; the discovery can be obtained from "some other source that is more convenient,

---

[8] *See also JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. 2004) ("Pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, a specific officer, director, or managing agent of a corporate party may be compelled to testify pursuant to a notice of deposition."); *Robinson v. Dall. Cnty. Cmty. Coll. Dist.*, No. 3:14-CV-4187-D, 2016 WL 1273900, at *2 (N.D. Tex. Feb. 18, 2016) ("'[A]lthough the Federal Rules of Civil Procedure have no explicit requirement that a notice of deposition be served before a party files a motion to compel a deposition, courts routinely impose such a requirement.'" (quoting *Exec. Mgmt. Servs., Inc. v. Fifth Third Bank*, No. 1:13-CV-00582-WTL, 2014 WL 5529895, at *13 (S.D. Ind. Nov. 3, 2014))).

less burdensome, or less expensive"; or "the party seeking discovery has had ample opportunity to obtain the information by discovery." *Id*. 26(b)(2)(C)(i)–(ii). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

Here, Plaintiffs argue that Morrison undoubtedly possesses discoverable information because pursuant to Federal Rule of Civil Procedure 33(b), she answered under oath and on behalf of Swift, Plaintiffs' First Set of Interrogatories and the information sought in certain interrogatories is highly relevant to their claims and Swift's defenses. Pls.' MTC at 5–6. On that basis, Plaintiffs contend that they are entitled to take her deposition. *Id*. at 6.

In opposition, Swift advances three principal arguments. First, Swift argues that Plaintiffs are improperly attempting to take an additional Rule 30(b)(6) deposition, but of a corporate representative of their choosing. Def.'s Resp. at 3–4. It points out that in response to Plaintiffs' Rule 30(b)(6) deposition notice, Swift chose Peyton as its corporate representative and that Peyton has already been deposed. *Id.* It avers that Morrison's knowledge, like Peyton's, is not personal. *Id.* at 4. It concludes that Plaintiffs may not select Swift's corporate representative, as they now attempt to do. *Id*.

Second, Swift argues that the requested deposition is needlessly duplicative of Peyton's deposition because Swift's interrogatory responses significantly overlap with Plaintiffs' Rule 30(b)(6) deposition topics. *Id.* at 3–4. Finally, Swift argues that its counsel had already prepared Peyton to discuss Plaintiffs' Rule 30(b)(6) deposition topics and a Morrison deposition would force Swift to incur additional costs, presumably for preparing Morrison for the requested deposition. *Id*. at 4. Swift adds that Plaintiffs could have listed Swift's interrogatory responses and the subjects they cover as topics in their Rule 30(b)(6) deposition notice, but they did not.

*Id*. at 3.  For these reasons, Swift asks the Court to deny Plaintiffs' request to compel Swift to produce Morrison for deposition.

To be sure, the Federal Rules of Civil Procedure do not foreclose deposition of a corporate representative who verified responses to interrogatories.  *See* Fed. R. Civ. P. 30(b)(6) (Rule 30(b)(6) "does not preclude a deposition by any other procedure allowed by these rules."). Swift's arguments however have some appeal given that there are some obvious parallels between Rule 30(b)(6) and Rule 33(b).

Under Rule 30(b)(6), a corporate party "must designate one or more officers, directors, or managing agents, or . . . other persons who consent to testify on its behalf."  Fed. R. Civ. P. 30(b)(6).  So designated, a Rule 30(b)(6) "witness testifies as a representative of the [corporate party]," and "his answers bind the entity."  *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012) (internal quotes omitted).[9]  The corporate party is entitled to designate "whomever it wants to designate to testify on its behalf," 8A Wright & Miller § 2103, and the noticing party does not get to pick witnesses of its choosing, *Dixon v. Foot Locker Inc.*, 623 F. App'x 594, 595 (4th Cir. 2015) ("[The plaintiff] had no authority to designate the corporate witnesses of either Defendant.").[10]  The designated corporate representatives need not have "personal knowledge of the events in question," 8A Wright & Miller § 2103, but they must be able to "testify about information known or reasonably available to the organization," Fed. R. Civ. P. 30(b)(6); *see also* 8A Wright & Miller § 2103 (Unlike for an

---

[9] *See also Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) ("When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent.").

[10] *See also Dapron v. Spire, Inc. Ret. Plans Comm.*, 329 F.R.D. 223, 226 (E.D. Mo. 2019) ("Under Rule 30(b)(6), the choice of a representative of the corporate party is for the corporation, not the party that noticed the deposition.").

ordinary deposition, for a Rule 30(b)(6) deposition, the Rule imposes an "implicit obligation" on the corporate party "to prepare the witness.").[11]

In turn, Rule 33(b) requires that where the responding party is a corporation, the interrogatories must be answered "by any officer or agent, who must furnish the information available to the party," Fed. R. Civ. P. 33(b)(1)(B), and "sign" the answers, *id*. 33(b)(5). Further, each interrogatory must, to the extent it is not objected to, be answered fully in writing "under oath." *Id*. 33(b)(3). The purpose of the oath and signature requirement is to "warrant the veracity of the answers," 7 James W. Moore et al., *Moore's Federal Practice – Civil* § 33.104[2] (3d ed.),[12] and to "bind the [corporate party] to its answers," *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. CV 13-373-SDD-EWD, 2017 WL 2825925, at *11 (M.D. La. June 30, 2017). The corporate party is entitled to "select the officer or agent to answer for it." 8B Wright & Miller § 2172. Whereas the answers must be "based on all information available to the corporation's officers, directors, employees and attorneys," *Nice Grp. USA, Inc. v. Melenyzer*, No. SA-15-CV-00787-DAE, 2016 WL 11783016, at *4 (W.D. Tex. Aug. 23, 2016) (internal quotes omitted), the verifying corporate representative need not have "personal knowledge of the matters covered in the answers," *Gonzalez Tomasini v. United States Postal Serv.*, No. CV 17-1552 (MEL), 2020 WL 13490911, at *1 (D.P.R. July 24, 2020).[13]

---

[11] *See also Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000) ("[W]hen a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)." (cleaned up)).

[12] *See also Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010) ("Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses.").

[13] *See also AT&T Corp. v. Park I-10 Motors*, No. SA-13-CV-644-DAE, 2014 WL 12659767, at *2 (W.D. Tex. Apr. 28, 2014) ("An agent's verification is not inappropriate simply because it is based on corporate records rather than personal knowledge.").

These obvious parallels between Rule 30(b)(6) and Rule 33(b), and Swift's representation that Morrison lacks personal knowledge, raise the specter that Plaintiffs are attempting to take yet another Rule 30(b)(6) deposition under the guise of "depos[ing] Ms. Morrison in her individual capacity." Pls.' Reply at 4. Such an attempt, if allowed, would permit Plaintiffs to do an end-run around the demanding procedural steps of Rule 30(b)(6): serving a notice that "describe[s] with *reasonable particularity* the matters for examination" and "confer[ring] in good faith about the matters for examination"—"[b]*efore and promptly after* the notice . . . is served." Fed. R. Civ. P. 30(b)(6) (emphasis added); *see also* Fed. R. Civ. P. 30 advisory committee's notes to 2020 amendment ("The process of conferring may be iterative."); *id.* (stating that the 2020 amendment addresses recent problems with "overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses"). Such a request for deposition therefore demands close judicial scrutiny.

In deciding whether to compel or forbid deposition of a Rule 33(b) corporate representative who verified answers to interrogatories, courts principally consider: (1) the requesting party's asserted needs or reasons for the requested deposition;[14] (2) whether the corporate representative has personal knowledge;[15] and (3) whether the information sought

---

[14] *E.g.*, *Ayres v. MAFCO Worldwide, LLC*, No. CV1812071RBKAMD, 2019 WL 1001297, at *2 (D.N.J. Mar. 1, 2019) (addressing the requesting party's "articulated basis for deposing"); *Tailored Lighting, Inc. v. Osram Sylvania Prods., Inc.*, 255 F.R.D. 340, 344–45 (W.D.N.Y. 2009) (addressing the requesting party's "reasons . . . offered to justify the requested deposition"), *cited in* Pls.' Reply at 2; *E.E.O.C. v. Doherty Grp., Inc.*, No. 14-CV-81184, 2017 WL 882088, at *6 (S.D. Fla. Feb. 28, 2017) ("Only Ms. Foslid," an EEOC counsel, "can testify as to why [the EEOC] changed its interrogatory response since she was the one who drafted and verified the supplemental response.").

[15] *Compare Stark v. Shein Distrib. Corp.*, No. CV 22-6016 WLH (RAOX), 2024 WL 3468750, at *3 (C.D. Cal. May 3, 2024) (declining to compel deposition of a corporate representative who verified interrogatory answers because the representative lacked "personal knowledge of the facts of the case"), *and Jiminez-Carillo v. Autopart Int'l, Inc.*, 285 F.R.D. 668, 670 (S.D. Fla. 2012) (same), *with Thomas & Betts Corp.*, No. 93 C 4017, 1999 WL 1129607, at *1 (N.D. Ill. Dec. 3, 1999) (Verifying interrogatory answers as true "based on my own personal knowledge and belief" is "an invitation to be deposed."), *cited in* Pls.' Reply at 2, *and Stevens v. Corelogic, Inc.*, No. 14CV1158 BAS (JLB), 2015 WL 8492501, at

through the requested deposition can be obtained from other sources, including a Rule 30(b)(6) corporate representative.[16]

Here, as mentioned, Swift represents that Morrison lacks personal knowledge. Specifically, Swift represents that Morrison did not oversee Swift's or Nieto's operations and did not possess knowledge of the vehicle accident beyond what she learned in aiding with the answering of the interrogatories.  Def.'s Resp. at 4.  Elsewhere in its brief, Swift says that in her role as an Executive Litigation Manager, Morrison assists Swift's outside counsel in litigation against it.[17]  Def.'s Resp. at 2.  There is no reason to doubt Swift's representations.

Plaintiffs contend that Morrison possesses relevant information about Interrogatory Nos. 1, 4, 5, 8, 9, 11, 12, 13, 14, 15, 16, 18, 19, 20, and 21, Pls.' MTC at 5–6, but they do not explain why they need her deposition about these interrogatories in the first place.  As explained below,

---

*2, *4 (S.D. Cal. Dec. 10, 2015) (allowing plaintiff to depose corporate-defendant's in-house counsel who verified the defendant's answers to the plaintiff's interrogatories because the in-house counsel had "firsthand knowledge" about certain relevant subject matter and the defendant did not designate an alternative witness with knowledge of the matter whom the plaintiff could have deposed in place of the in-house counsel).

[16] *See Miller v. United States*, 203 F. App'x 577, 579 n.2 (5th Cir. 2006) (holding that the district court did not abuse its discretion when it denied plaintiff the opportunity to depose an Air Force attorney who signed answers to interrogatories because the attorney "was not a fact witness" and the plaintiff "had ample opportunity to discover facts *from other available witnesses* who had knowledge of the pertinent circumstances" (emphasis added)); *Petrosyan v. Maserati N. Am., Inc.,* No. CV 19-12425-DJC, 2020 WL 8458123, at *3 (D. Mass. Nov. 18, 2020) (forbidding deposition of an attorney of a corporate defendant who verified interrogatory answers on behalf of the corporation reasoning that the plaintiff who sought the deposition "has not shown that he is unable to obtain the information he seeks from other sources. For example, [the plaintiff] could take the Rule 30(b)(6) deposition of [the corporation]."); *Jiminez-Carillo*, 285 F.R.D. at 670 (declining, without prejudice, plaintiff's request to compel deposition of corporate officers who verified sworn interrogatory answers on behalf of the corporate defendants and instructing the plaintiff to depose those persons known to have personal knowledge as well as the defendants' Rule 30(b)(6) corporate representatives about the issues and answers provided in the interrogatory answers); *Ayres*, 2019 WL 1001297, at *2 (similar); *Stark*, 2024 WL 3468750, at *3 (similar).

[17] It is not clear if Morrison is an in-house counsel; according to her LinkedIn page, she previously worked as an attorney.  Pls.' Ex. G at 2, ECF No. 50-7.

no deposition is needed about Swift's answers to some of these interrogatories, and Plaintiffs fail to justify why they need her deposition about the remaining interrogatory answers beyond what they learned from Peyton's deposition.

For example, Interrogatory Nos. 5, 13, 19, and 20 are contention interrogatories, and to each, Swift responded stating, "Swift does not raise this contention at this time," Pls.' Ex. A at 5, 7; so, a deposition on these interrogatories would produce nothing. The subject matters of the remaining interrogatories overlap, to a great extent, with Plaintiffs' topics for Swift's Rule 30(b)(6) deposition. For example, compare Interrogatory Nos. 4 (Nieto's work history at Swift), 14 (Nieto's medical conditions), 15 (Nieto's prior motor vehicle collisions), and 18 (Nieto's prior violations and traffic citations), *id.* at 7–8, with Rule 30(b)(6) Matter No. 1 (Nieto's work history at Swift, driving record and history, driver qualification file, etc.), Def.'s Ex. A at 3, ECF No. 52-1. Compare also Interrogatory Nos. 16 (Swift's company-internal investigation of the May 18, 2023 collision) and 21 (police report about the collision), Pls.' Ex. A at 8–9, with Rule 30(b)(6) Matter No. 4 (the collision in question, accident scene, post-collision investigation), Def.'s Ex. A at 3. And so on. But Plaintiffs do not argue that, much less explain why, Peyton's deposition was deficient such that they need to depose Morrison about the overlapping subject matters. *Cf. Jiminez-Carillo*, 285 F.R.D. at 670 (instructing plaintiff to re-urge its request to depose defendants' corporate officers who verified interrogatory answers, after the plaintiff takes depositions of the defendants' Rule 30(b)(6) representatives and if the plaintiff still requires further information about the answers).

In their reply brief, Plaintiffs argue, for the first time, that they need to depose Morrison to question her about "Swift personnel that Nieto spoke to about the collision before Swift terminated him several weeks later." Pls.' Reply at 6. They point out that they have not been to

take Nieto's deposition. *Id.* Recall that Nieto did not show up for his scheduled deposition, and as of late, Swift's counsel has not been able to contact Nieto. Pls.' Ex. D at 2, ECF No. 50-4. However, Plaintiffs do not point out which specific interrogatory calls for this information. The closest match appears to be Interrogatory No. 16, which asks:

> Since May 18, 2023, has Swift subsequently generated and/or conducted any type of *internal company* investigation, *incident report*, review, and/or root-cause analysis to determine or analyze any cause(s) and/or contributing factors for the collision in question? If yes, please identify and describe all applicable responsive actions, *Swift personnel* involved, the date(s), and describe any respective findings or determinations with respect to causes or contributing factors.

Pls.' Ex. A at 7 (emphasis added). To this interrogatory, Swift responded by saying, "[t]his investigation was conducted by counsel of record." *Id.* Morrison was charged with attesting to the veracity of this statement—*i.e.*, counsel of record indeed conducted "this" investigation. *See Shepherd v. Am. Bd. Cos.*, 62 F.3d 1469, 1482 (D.C. Cir. 1995) ("[T]he representative must have a basis for signing the responses and for thereby stating on behalf of the corporation that the responses are accurate."). So, deposing Morrison about her basis for verifying this response would not lead to information about Swift personnel that Nieto spoke to.[18]

Moreover, to the extent that Swift's response to Interrogatory No. 16 (or any other interrogatory) is incomplete or evasive insofar as Swift should have disclosed, but it did not disclose, information about Swift personnel that Nieto spoke to about the collision, Plaintiffs should have moved to compel a complete response from Swift. *See* Fed. R. Civ. P. 37(a). And

---

[18] *See also* Pls.' Ex. L at 166 (testifying that "early on, we let any type of investigation be handled through counsel" (Peyton testimony)); *id.* at 193 (testifying that outside of counsel, Swift did not conduct any kind of meeting or review or assessment where Nieto was present (same)); *cf. also, e.g., Gonzalez v. RXO Last Mile, Inc.*, No. CV 1:19-10290-TSH, 2022 WL 22269209, at *3 (D. Mass. Dec. 12, 2022) ("[A] party is free to ask for names of persons with knowledge of the facts, but it is not entitled, through the other party, to the identification of who among such knowledgeable individuals have been interviewed by plaintiffs' attorney." (surveying cases) (cleaned up)).

as it turns out, Plaintiffs did just that, but only after the close of discovery and after filing this motion, and the referring court denied that motion as untimely. Order at 2, ECF No. 56. Further, even after Nieto failed to appear at his deposition on March 21, 2025, Plaintiffs could have taken prompt actions by propounding additional interrogatories, either on their own, or if necessary, with leave of the Court, asking for the kind of information that Plaintiffs now wish to obtain by deposing Morrison: At a minimum, Plaintiffs could have asked for "the identification of persons with knowledge about the claims or defenses (or other relevant issues)." *Tracy v. NVR, Inc.*, 250 F.R.D. 130, 132 (W.D.N.Y. 2008) (surveying cases).[19] Plaintiffs let the clock run out on them. The Court therefore finds that Plaintiffs' request to compel Swift to produce Morrison for deposition should be denied.

Nevertheless, the Court will *sua sponte* grant alternative relief to Plaintiffs because the circumstances warrant it. *See Def. Distributed v. Bruck*, 30 F.4th 414, 427 (5th Cir. 2022) ("[W]e remind that the Federal Rules of Civil Procedure were enacted to ensure 'the just, speedy and inexpensive determination of every action and proceeding.'" (quoting Fed. R. Civ. P. 1)). The Court is troubled by the timing of Swift's service of its verified answers to Plaintiffs' interrogatories. Immediately after Swift served unsigned answers, Plaintiffs requested that Swift provide a signed verification, Pls.' Ex. B at 4, ECF No. 50-2, but it took Swift another seven weeks to serve its verified answers. By then, Plaintiffs had already taken Peyton's deposition,

---

[19] *See also* Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment (Rule 26(b)(1) continues to permit discovery of "the identity and location of persons who know of any discoverable matter."); *Champion Power Equip. Inc. v. Firman Power Equip. Inc.,* No. CV-23-02371-PHX-DWL, 2024 WL 4988388, at *1 (D. Ariz. Dec. 5, 2024) ("Because [the defendant] was not necessarily required to disclose the identities of . . . individuals [who possess information that is harmful to the defendant's claims and defenses] in its Rule 26 disclosures, [the plaintiff] may use other discovery tools in an attempt to discern their identities."); *cf. also Shepherd*, 62 F.3d at 1482 ("If the party propounding the interrogatories wants to know the names of the individuals with personal knowledge of each response, it can always ask for them as part of the interrogatories.").

and there were only two weeks left to complete discovery. Then, in response to Plaintiffs' repeated emails requesting Morrison's deposition, Swift ultimately responded *after* the discovery deadline had passed. All this, in the Court's view, might have prejudiced Plaintiffs' preparation for Peyton's deposition (for example, because of not knowing if Swift's Rule 30(b)(6) witness would be the person who would verify Swift's answers to Plaintiffs' interrogatories and therefore would have knowledge about the bases of the answers[20]) or hampered Plaintiffs' ability to timely conduct further discovery. *Cf. Ecolab, Inc. v. Ridley*, No. 1:22-CV-050-TRM-SKL, 2023 WL 11762786, at *10 (E.D. Tenn. Mar. 31, 2023) (allowing defendant an opportunity to re-depose plaintiff's corporate witness because "the tardy disclosure of [the witness] as the person signing the [plaintiff's] interrogatory responses may have prevented or hampered [the defendant's] ability to ask questions about the verified interrogatory response").

Moreover, a cursory review of the transcripts of Peyton's deposition reflects that on May 18, 2023, following the collision, Nieto spoke to one or more Swift personnel in its Claims Department or its "intake team." Pls.' Ex. L at 111. These personnel therefore have personal knowledge about the collision as conveyed by Nieto. However, Peyton did not know who they were or what Nieto told them. *Id.* at 111–12; *cf. La. Pac. Corp.*, 285 F.R.D. at 486 ("The corporation has a duty to educate its [Rule 30(b)(6)] witnesses so they are prepared to fully answer the questions posed at the deposition.").

The Court will allow Plaintiffs to depose **one** of the Swift personnel that Nieto spoke to about the collision before his employment with Swift ended. To that end, the Court will require Swift to identify, in the required form and manner of answering interrogatories, these personnel and any other Swift personnel that Nieto spoke to about the collision before his employment with

---

[20] In fact, at his deposition, Peyton testified that he did not see Swifts' initial answers to Plaintiffs' interrogatories. Pls.' Ex. L at 196–97.

Swift ended. So that Plaintiffs may select the most suitable person for the deposition, the Court will require Swift to also provide the substance of what Nieto conveyed to each such personnel. The Court anticipates that the deposition would take at most **two hours**.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Compel Defendant Swift Transportation Co. of Arizona, LLC to Produce Witness Ellen Morrison for Deposition (ECF No. 50) is **DENIED WITH ALTERNATIVE RELIEF GRANTED.**

**IT IS FURTHER ORDERED** that within **14 days** of this Memorandum Opinion and Order, Swift **SHALL SERVE** on Plaintiffs, Swift's verified answers to the following questions:

1) State the date on which Nieto's employment ended with Swift.

2) State the name, address, and telephone number of each Swift personnel to whom Nieto spoke about the collision between May 18, 2023, and the date on which Nieto's employment with Swift ended. In response to this question, Swift need not disclose its outside/retained counsel of record or their staff to whom Nieto might have spoken.

3) For each personnel identified in (2), provide the substance of what Nieto conveyed to him or her during the above delineated period.

**IT IS FURTHER ORDERED** that if Plaintiffs wish to depose **one** of the Swift personnel that Swift identifies in its answers to the questions above, Plaintiffs and Swift **SHALL MEET AND CONFER**[21] within **21 days** of this Memorandum Opinion and Order, about (1)

---

[21] The parties are **REMINDED** that to "meet and confer" requires real-time, two-way communication—in person, by telephone, or via audio-/video-conference—and discussion, in good faith, of the issues, and "good faith," in turn, requires honesty in one's purpose to discuss meaningfully the dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information and resolve the dispute without court intervention.

who among these Swift personnel is most suitable for deposition[22] and (2) the availability of one Swift personnel, as selected by Plaintiffs, for deposition.  And within **2 days** following the parties' meet-and-confer session, the parties **SHALL JOINTLY** file a Statement with the Court stating the name of the selected personnel and the date and time for his or her deposition.  Alternatively, if Plaintiffs **do not** wish to take such a deposition, they must **NOTIFY** the Court **by the deadline** for filing the Joint Statement—that is, within **23 days** of this Memorandum Opinion and Order.

**IT IS FINALLY ORDERED** that to the extent that Plaintiffs wish to take the permitted deposition, Swift **SHALL TIMELY PRODUCE,** but not later than **30 days** of this Memorandum Opinion and Order, the Swift personnel selected by Plaintiffs for a deposition limited to what Nieto told him or her about the collision.  The deposition shall be limited to **2 hours**.

The Court **EXPECTS** the parties to cooperate fully.

**So ORDERED and SIGNED this  24th  day of July 2025.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] At the meet-and-confer session, Plaintiffs may, if necessary, inquire further about the Swift personnel and the substance of what Nieto said to the Swift personnel so that Plaintiffs may select one personnel for deposition.