FILED
December 04, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____JW_____
     DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CHEYENNE GALVAN and EDWARD GALVAN, § § § | |
| *Plaintiffs,* § | Cause No. 3:24-CV-00256-KC |
| v. § § | |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and ENRIQUE ARROYO NIETO, § § § § § | |
| *Defendants.* § | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendants Enrique Arroyo Nieto and Swift Transportation of Arizona, LLC's Motion for Partial Summary Judgment (ECF. No. 72) under Federal Rule of Civil Procedure 56. For the reasons below, the Court recommends Defendants' Motion be **DENIED.**

### I.   BACKGROUND

The following facts are derived from Plaintiff's Petition, ECF No. 1-1, and are taken as true only for purposes of adjudicating the Motion for Partial Summary Judgment. *See Boyd v. Sutton*, No. 4:21CV159-GHD-DAS, 2023 WL 3077849 (N.D. Miss. Apr. 25, 2023), appeal dismissed *sub nom. Boyd v. Thomas*, No. 23-60251, 2023 WL 7412957 (5th Cir. Sept. 1, 2023). This claim arises from a motor vehicle collision between a 2020 Freightliner and an automobile in El Paso, Texas.[1]

---
[1] Pet. at 3.

On May 18, 2023, Plaintiff Cheyenne Galvan was operating Plaintiffs' 2018 Toyota C-HR.[2] Her husband, Plaintiff Edward Galvan, was a passenger.[3] At about 11:50 AM that day, Plaintiffs were involved in a collision with Defendant Enrique Nieto ("Nieto").[4] Nieto was operating the 2020 Freightliner tractor trailer (Cascadia 113 model) that was owned by Defendant Swift Transportation Co. of Arizona ("Swift").[5] Nieto was driving eastbound at intersection of 9000 Gateway East Blvd and 1200 North Zaragoza when he collided the freightliner into the back of Plaintiffs' vehicle.[6]

On June 24, 2024, Plaintiffs filed suit in County Court at Law 6 of El Paso County, Texas, raising direct liability claims against Nieto for negligence.[7] Plaintiffs also sued Nieto's employer Swift for vicarious liability "for the negligence of its driver/employee."[8] On July 24, 2024, Defendants filed a Notice of Removal.[9] Defendants filed this Motion for Partial Summary Judgment on October 24, 2025, arguing that "…Plaintiffs have not provided evidence to support their claims for lost wages or their claims for loss of future earning capacity, [making] summary judgment on these damages… appropriate.."[10] Plaintiffs filed a Response[11] and Appendix[12], and Defendants did not file a Reply.

---

[2] *Id*.
[3] *Id*.
[4] *Id*.
[5] *Id*.
[6] *Id*.
[7] *See generally* Pet.
[8] *Id.* at 5.
[9] ECF No. 1.
[10] ECF. No. 72 at 4.
[11] ECF No. 79.
[12] ECF No. 80.

## II.     STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is considered "material" if its resolution "might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011) (citation omitted).

The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact, either by citing competent summary judgment evidence or showing that the nonmovant lacks evidence to support an essential element of their case. Fed. R. Civ. P. 56(c)(1)(A)–(B); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986). Once the movant has made a properly supported motion, the burden shifts to the nonmovant to show summary judgment should not be granted. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). The party opposing summary judgment "may not rest upon mere allegations contained in the pleadings but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). Courts applying this standard have rejected vague or unsupported claims as insufficient. See, e.g., *Metro. Direct Prop. & Cas. Ins. Co. v. United States*, No. 4:07-CV-210, 2008 WL 2775852, at *1 (E.D. Tex. July 15, 2008) (granting summary judgment where the nonmovant failed to cite specific facts and relied on conclusory assertions). The "citations to evidence must be specific, as the district court is not required to 'scour the record' to determine

whether the evidence raises a genuine issue of material fact." *Id.* (quoting E.D. Tex. Local R. CV-56(d)). Further, "neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Id.* (quoting *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996)).

### III. DISCUSSION

By their Motion, Defendants' move for partial summary judgment, alleging that: "Despite their burden under Civil Rule of Civil Procedure 26 to provide a computation of each category of damages claimed and make available the evidentiary material supporting those computations, Plaintiffs have failed to produce evidence to support their claims of lost wages, loss of future earning capacity, property damage, and out-of-pocket economic losses."[13] Further, Defendants claim: "As Plaintiffs have not provided evidence to support their claims for lost wages or their claims for loss of future earning capacity, summary judgment on these damages is appropriate."[14]

#### A. Federal Rule of Civil Procedure 26(a)(1)(A)(iii)

In their Motion for Partial Summary Judgment, Defendants assert that "Plaintiffs have failed to meet their evidentiary burden to provide evidence of damages under Federal Rule of Civil Procedure 26."[15] The Defendants claim "Rule 26(a)(1)(A)(iii) requires that a party provides a computation of each category of damages claimed and makes available the evidentiary material supporting such computations. They assert a plaintiff's total inability to prove damages may be a proper basis for a motion for summary judgment."[16] Essentially, Defendants are alleging that deficiencies in a party's Rule 26(a)(1)(A)(iii) disclosures can be the basis for a summary judgment determination.

---

[13] ECF No. 72 at 2.
[14] *Id.* at 4.
[15] *Id.*
[16] *Id.*

Defendants cite to *Camowraps, LLC v. Quantum Digital Ventures LLC*, 74 F. Supp. 3d 730, 741 (E.D. La. 2015) to support this argument for summary judgment.[17] However, the *Camowraps* decision did not involve a Rule 26(a)(1)(A)(iii) disclosure problem comparable to what Defendants are alleging. *Id*. The court in *Camowraps* never suggested that the plaintiff's damages claim failed because the plaintiff had omitted a computation in its initial disclosures. *Id*. Instead, the court granted summary judgment because, by the time the case reached the summary judgment stage, the plaintiff had produced no evidence whatsoever establishing that it suffered any quantifiable loss. *Id*. at 741-742 ("Defendants point to the lack of any quantification of actual damages in the record, citing the testimony of plaintiff's president that he has not quantified any damages suffered by plaintiff because of the alleged infringement. In response, plaintiff cites no record evidence quantifying any actual losses it has allegedly incurred. Accordingly, in the absence of any evidence to support a finding of actual damages, defendants' motion for summary judgment is granted as to actual damages pursuant to the Lanham Act."). When opposing summary judgment, the plaintiff did not submit documents, data, or calculations from which a jury could determine either causation or amount of damages. *Id*. Under these circumstances, summary judgment was proper because a complete failure of proof as to damages requires judgment as a matter of law. *Id*.

B.   **Merits of Claim**

As discussed above, summary judgment is a determination on the merits of a claim, not a mechanism for punishing discovery failures. *See* Fed. R. Civ. P. 56. Deficiencies in a party's Rule 26(a)(1)(A)(iii) damages disclosures are governed instead by Rule 37(c)(1), which provides the exclusive remedy for failing "to provide information or identify a witness as required by Rule

---

[17] *Id*.

26(a)…" Fed. R. Civ. P. 37(c)(1). Under Rule 37(c)(1), the appropriate sanction is generally the exclusion of evidence (unless the failure was substantially justified or harmless), not the entry of summary judgment. *Id*. Plaintiffs cite to the *Vera* which states: "While the undersigned has broad discretion to impose a wide variety of sanctions under Rule 37 for a party's failure to comply with Rule 26, it cannot recommend summary judgment without following Rule 56. As discussed, Rule 56 only allows summary judgment where a party fails to prove an *essential* element of their claim*.*" *Vera v. Homesite Ins. Co.*, No. 2:24-CV-00047-AM-MHW, 2025 WL 3039622, at 8 (W.D. Tex. Oct. 7, 2025), *report and recommendation adopted,* No. DR-24-CV-0047-AM, 2025 WL 3036212 (W.D. Tex. Oct. 30, 2025) *(*citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)))*.* Further in defining an essential element of a summary judgment claim, *Vera* states: "The Defendant does not brief the undersigned on how failing to provide damage computations is a failure of the Plaintiff to prove an essential element of any of her claims. Ultimately, the undersigned cannot recommend that the Defendant is entitled to summary judgment on the basis of Rule 26 and 37 alone." *Vera,* 2025 WL 3039622 at 6. (citations omitted*)*. Thus, any alleged inadequacy in the damage's computation should be addressed, if at all, under Rule 37, not through a merits-based dispositive motion. *Id*.

      The *Camowraps* court cited to *Moore v. CITGO Refining & Chemicals Co.*, 735 F.3d 309, 314 (5th Cir.2013), which held that summary judgment is appropriate where a plaintiff is "totally unable to prove damages." *Camowraps*, 74 F. Supp. 3d at 741. The *Camowraps* court applied this principle, concluding that without evidence quantifying any actual damages, no reasonable jury could award any monetary relief, thus making summary judgment necessary on that category of remedy. The court's decision therefore turned on the substantive insufficiency of the evidence, not on any procedural failure to disclose or compute the damages. *Id*. This outcome likely would have

been materially different had the plaintiff provided a Rule 26(a)(1)(A)(iii) computation of damages or otherwise produced evidence quantifying its loss. The court emphasized that summary judgment was appropriate because the record contained nothing from which a jury could award actual damages, and plaintiff had not disclosed anything. *Id*.

Here, as noted in their Appendix, ECF No. 80, Plaintiffs have provided several expert reports and Rule 26 Disclosures, all within the discovery period.[18] Further, in their Second Amended Rule 26 Disclosures served on March 19, 2025, Plaintiffs provide estimates of property damages, past medical expenses, a summary of their past medical based billing records, future medical expenses, and estimates of past and future loss of earning capacity.[19] In their expert reports, served on Defendants before closure of the discovery period, Plaintiffs also provided calculations of damages.[20] Therefore, there appears to be no basis on which this Court could recommend summary judgment with the justification being Plaintiffs have not provided a computation of damages under Rule 26(a)(1)(A)(iii) nor any evidence of damages.

### IV.   CONCLUSION and RECOMMENDATION

For all these reasons, the Court hereby recommends that Defendants' Motion for Partial Summary Judgment (ECF No. 72) be **DENIED**.

So RECOMMENDED and SIGNED this 4TH day of December 2025.

_____
**LAURA ENRIQUEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] *See generally* ECF. No. 80.
[19] Ex. E to Pl.'s App., ECF No. 80.
[20] Ex. A, B, C to Pl.'s App., ECF No. 80.

## **NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**